Dismissed and Opinion filed March 13, 2003









Dismissed and Opinion filed March 13, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00187-CR

NO. 14-03-00188-CR

NO.
14-03-00189-CR

NO.
14-03-00190-CR

____________

 

DON DYKSTRA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the County Criminal Court at Law No. 10

Harris County, Texas

Trial
Court Cause Nos. 5323, 5324, 5325 & 5326

 



 

M
E M O R A N D U M   O P I N I O N








After a jury trial, appellant was convicted in municipal
court of four offenses of failure to maintain a required fire assembly on
January 18, 2001.  Punishment was
assessed as a fine of $250 in cause number 5326, a fine of $500 in cause number
5325, a fine of $1000 in cause number 5324, and a fine of $2000 in cause number
5323.  Appellant filed an appeal of these
convictions to the County Criminal Court at Law, and on December 30, 2002, the
presiding judge of the county court signed a judgment affirming these
convictions.  No motion for new trial was
filed.  Appellant filed a notice of
appeal for all four cases to this Court on January 30, 2003.  

On February 21, 2003, notice was transmitted to appellant
that the Court would consider dismissal of his appeals for want of jurisdiction
because his notice of appeal was untimely. 
This Court=s notice permitted appellant to file a response on or before
March 4, 2003.  No response was filed.

A defendant=s notice of appeal must be filed within thirty days after the
trial court enters an appealable order when the
defendant has not filed a motion for new trial. 
See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
Id.

Accordingly, the appeals are ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed March 13, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do Not Publish C Tex. R.
App. P. 47.2(b).